# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON TARAY BARNES, | Case No. ED CV 15-2560 SJO (AFM) |
| Petitioner, | |
| v. | **ORDER DISMISSING PETITION WITH LEAVE TO AMEND** |
| JOE LIZARRAGA, Warden, | |
| Respondent. | |

On December 16, 2015, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody (28 U.S.C. § 2254). The Court's review of the Petition reveals that it suffers from the following two deficiencies.

First, petitioner failed to sign and date the Petition on page 8. Thus, the Petition is not properly verified, as required by 28 U.S.C. § 2242, Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, and Central District of California Local Rule 83-16.2.

Second, it appears from the face of the Petition that petitioner has not exhausted his state remedies with respect to two of his four grounds for relief. Specifically, it appears that Grounds Three and Four were never raised before the California Supreme Court. Accordingly, petitioner's inclusion of Grounds Three and Four in the Petition renders the Petition a "mixed petition" containing both

exhausted and unexhausted claims. If it were clear here that petitioner's unexhausted claims were procedurally barred under state law, then the exhaustion requirement would be satisfied. *See Castille v. Peoples*, 489 U.S. 346, 351-52 (1989); *Johnson v. Zenon*, 88 F.3d 828, 831 (9th Cir. 1996); *Jennison v. Goldsmith*, 940 F.2d 1308, 1312 (9th Cir. 1991). However, it is not "clear" here that the California Supreme Court would hold that petitioner's unexhausted claims are procedurally barred under state law, if petitioner were to raise them in a habeas petition to the California Supreme Court (which being an original proceeding is not subject to the same timeliness requirement as a Petition for Review of a Court of Appeal decision). *See, e.g., In re Harris*, 5 Cal. 4th 813, 825 (1993) (granting habeas relief where petitioner claiming sentencing error, even though the alleged sentencing error could have been raised on direct appeal); *People v. Sorensen*, 111 Cal. App. 2d 404, 405 (1952) (noting that claims that fundamental constitutional rights have been violated may be raised by state habeas petition). The Court therefore concludes that this is not an appropriate case for invocation of either statutory "exception" to the requirement that a petitioner's federal claims must first be fairly presented to and disposed of on the merits by the state's highest court. *See* 28 U.S.C. § 2254(b)(1)(B).

Under the total exhaustion rule, if even one of the claims being alleged by a habeas petitioner is unexhausted, the petition must be dismissed. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Castille*, 489 U.S. at 349. However, more recently, the Supreme Court held that, in certain "limited circumstances," a district court may stay a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) (holding "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court"). Under *Rhines*, the prerequisites for obtaining a stay while the petitioner exhausts

his state remedies are: (a) that the petitioner show good cause for his failure to exhaust his claims first in state court; (b) that the unexhausted claims not be "plainly meritless"; and (c) that petitioner not have engaged in "abusive litigation tactics or intentional delay." *See id.* at 277-78. Here, although petitioner does include an attachment with a vague reference to a "Motion for Order to Stay," petitioner has not purported to make the three requisite showings for stay-and-abeyance.

For the foregoing reasons, the Petition is dismissed with leave to amend. Accordingly, if petitioner still desires to pursue this action, he is **ORDERED** to file an amended petition on the standard form within thirty (30) days of the date of this Order. The clerk is directed to send petitioner a blank Central District § 2254 habeas petition form for this purpose.

The amended petition should reflect the same case number, be clearly labeled "First Amended Petition," be filled out completely, and be signed and dated. Petitioner is also advised that, if he seeks to raise any unexhausted claims and believes that he can make the requisite showing for stay-and-abeyance, then concurrently with his First Amended Petition, petitioner should separately file a motion to hold the First Amended Petition in abeyance while he returns to state court to exhaust his state remedies with respect to his unexhausted claim(s).

**Petitioner is cautioned that his failure to timely file a First Amended Petition in compliance with this Order will result in a recommendation that the action be dismissed with prejudice for failure to diligently prosecute.**

///
///
///
///
///
///

3

If petitioner no longer wishes to pursue this action, he may use the attached form Notice of Dismissal and voluntarily dismiss this action without prejudice.

DATED: 12/22/2015

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

Attachments: CV-69, CV-09